UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT OF:

DA BOAT, LLC, AS OWNER, OF A 2021 COBIA MAVERICK (HIN: CBAEE003F021) ITS ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CASE NO:

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiff, DA BOAT, LLC, ("Plaintiff"), as owner of the 2021 COBIA MAVERICK (HIN: CBAEE003F021) (the "Vessel"), pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure, for its Complaint for Exoneration From or Limitation of Liability, alleges as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims, and the Local Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501, *et seq*.

3. At all material times, the Vessel was owned by Plaintiff, Da Boat, LLC, with its principal place of business in Florida.

4. The Vessel is a motor vessel with two outboard engines owned by Plaintiff, DA BOAT, LLC. The Vessel was built in 2021, and was and remains registered in the State of Florida, and stored at all times material in Duval County, Florida.

5. At all material times, the Vessel was managed and operated by Plaintiff, DA BOAT, LLC.

6. Plaintiff was responsible for the Vessel's maintenance, repair and operation and had possession of the Vessel.

7. At all material times during the trip, Capt. Tyler Parker, was in exclusive possession and control of the Vessel.

8. This Complaint is filed within six (6) months of Plaintiff's receipt of first written notice of a possible claim against it, or the Vessel, arising out of the subject incident and subject to exoneration from or limitation of liability.

9. Venue is proper pursuant to Supplemental Rule F(9) because the incident giving rise to potential claims of liability against Plaintiff occurred, and the Vessel is located, within this Court's jurisdiction.

## OPERATIVE FACTS

10. The incident involving the Vessel occurred approximately 13 nautical miles offshore and East of Mayport Inlet, in the navigable waters off the coast of Florida.

11. At all material times, the Vessel was seaworthy, properly and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

12. Plaintiff has received notice of claims for personal injuries from four passengers of another vessel (2017 Sea Fox; HIN: LYGCX129D718; commonly known as "2Kingz"), allegedly injured on or about December 27, 2021, during a collision accident (the "Incident") with the

Vessel. The four 2Kingz passengers are Randy Wayne Shaw, Dillion Wayne Shaw, Mark Joseph Christmas and Joseph K. Creamons, IV.

13. The Incident and any ensuing property loss, damages and/or personal injury were not caused by the fault of the Plaintiff, or any person for whose actions Plaintiff is responsible. Neither Plaintiff nor the Vessel is liable to any extent, and Plaintiff is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

14. Alternatively, and without admitting liability, Plaintiff alleges that in the event it or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Plaintiff claims such fault was occasioned and occurred without the privity or knowledge of Plaintiff or any of its members, managers, directors, officers, stockholders, or any persons for whose actions Plaintiff is responsible, at or before the Incident.

15. For the purposes of the Act, at the termination of the voyage, the value of the Vessel, which was and is the value of Plaintiff's interest in the Vessel, is $100,000.00. *See* **Exhibit "A,"** Declaration of Value.

16. The value of pending freight, or passenger fare, at the termination of the voyage was $0.00.

17. Plaintiff has received notice of four potential claims, which it believes may exceed the amount of Plaintiff's interest in the Vessel and its appurtenances.

18. Plaintiff files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form. As the amount of Plaintiff's interest in the Vessel and pending freight is $100,000.00, Plaintiff will deposit $100,000.00 in the form of a surety bond with the Court's registry with interest at the rate of 6% per annum from the date hereof and costs. Plaintiff

is prepared to give additional bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests:

A. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Plaintiff seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Plaintiff's attorneys a copy thereof on or before the date specified in the notice;

B. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Plaintiff, its underwriters, or any of its property with respect to any claim for which Plaintiff seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in this Complaint;

C. If any claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Plaintiff's interest therein and pending freight, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Plaintiff's interest in the Vessel and its pending freight;

D.  This Court adjudge Plaintiff and the Vessel not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Plaintiff is liable in any amount whatsoever, that said liability may be limited to the value of Plaintiff's interest in the Vessel, and may be derived *pro rata* among such claimants; and that a judgment be entered discharging Plaintiff and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Plaintiff or its property in consequence of or connected with the matters and happenings referred to in this Complaint; and

E.  This Court grant Plaintiff such other and further relief that justice may require.

Respectfully submitted,

*/s/ Michael J. Bradford*
**MICHAEL J. BRADFORD**
Florida Bar No. 184314
MJBradford@mdwcg.com
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
201 E. Kennedy Blvd., Suite 1100
Tampa, Florida, 33602
Phone:     813-898-1800
Facsimile: 813-221-5026
*Counsel for Plaintiff*